**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Travis Mullis, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | C.A. No.: 2:16-cv-3578-PMD |
| v. ) ) | **ORDER** |
| Wings Over Spartanburg, LLC, Vista Wings, LLC, Aetius Companies, LLC, Aetius Restaurant Holdings, LLC, and Aetius Restaurant Group, LLC, ) ) ) ) ) | |
| Defendants. ) ) | |

This matter is before the Court on Defendants' motion to compel Plaintiff to respond to two items in their first set of interrogatories and requests for production (ECF No. 25). For the reasons set forth herein, Defendants' motion is granted.

**BACKGROUND AND PROCEDURAL HISTORY**

This FLSA collective action arises out of Plaintiff's allegations that Defendants required bartenders at various Wild Wing locations to contribute to tip pools that were shared with employees who did not customarily and ordinarily receive tips as required by the FLSA's tip-credit provision. Defendants filed their motion to compel on June 30, 2017. Plaintiff responded on July 14, purporting to satisfy the deficiencies in their responses. After discussions between the parties and the Court, Plaintiff also filed a supplemental response on October 26. Accordingly, this matter is now ripe for consideration.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues as stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). If a party fails to produce a requested document, the requesting party may move for an order compelling production. *Id.* R. 37(a)(3)(B). "The party opposing a motion to compel bears the burden of showing why it should not be granted." *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012).

## DISCUSSION

Although the bulk of the purported deficiencies in Plaintiff's responses were already remedied, the following two items have not yet been produced: (1) Plaintiff's tax returns from 2012 to present; and (2) Plaintiff's confirmation of whether he searched his emails for responsive documents, as well as his description of the steps he took to search his e-mails for those documents. Here, Plaintiff's initial response indicated that Plaintiff's counsel had not received the necessary documents from his client and has therefore been unable to produce them. Plaintiff's supplemental response purported to remedy all of the remaining deficiencies. Neither of Plaintiff's responses provides any explanation or argument as to the two remaining deficiencies. As set forth above, the party opposing a motion to compel bears the burden of showing why it should not be granted. Because Plaintiff has the burden of showing why this motion should not be granted, his silence as to the two purported deficiencies is insufficient to defeat Defendants' motion. Accordingly, Plaintiff is hereby compelled to produce the two outstanding items.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Defendants' motion to compel is **GRANTED**.

    **AND IT IS SO ORDERED**.

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**November 7, 2017**
**Charleston, South Carolina**